Foster, J.
This is an appeal from an order denying the application of the defendant to open a summary judgment taken by default, and to set aside a body execution issued thereon.
The complaint in the action alleges that the defendant fraudulently induced the plaintiff to sell him on credit goods of the *161 value of $2,853.14; that the same have not been paid for, and that plaintiff has been damaged in the sum mentioned. The answer interposed was a general denial.
Plaintiff moved for summary judgment under rule 113, subdivision 4, of the Rules of Civil Practice. Defendant defaulted on this motion and judgment was ordered entered against him for the full amount demanded, plus interest and costs. After judgment was entered against the defendant an application was made, ex parte, for the issuance of a body execution against him, and this application was granted. Defendant thereupon moved to open his default and to set aside the body execution. This motion was denied.
Defendant’s default in appearance on the motion for summary judgment appears to have been deliberate, and no persuasive reasons have been shown why the order denying his motion to open the same should be reversed. But the refusal of the court below to set aside the body execution is a different matter. We think, under the circumstances disclosed, that the order for a body execution was improperly granted.
An execution against a person may be issued in a case where a judgment can be enforced by execution, as prescribed by section 504 of the Civil Practice Act, and where the plaintiff’s right to arrest the defendant depends upon the nature of the action. (Civ. Prac. Act, § 764.) If the action here is deemed one for fraud plaintiff would have been entitled to an order of arrest but he would not have been entitled to a summary judgment under rule 113 of the Rules of Civil Practice, for that rule does not embrace actions for fraud. On the other hand if the action is held to be on contract, with an allegation of fraud, the plaintiff would have been entitled to recover on the theory of fraud, and to an order of arrest, only when he proved fraud on the trial of the action. (Civ. Prac. Act, § 826, subd. 9.) A sum, mary proceeding is not a trial but merely a proceeding to determine if there are triable issues of fact that require a trial. Under either theory or rule of practice the order for a body execution was improper in this case.
The order appealed from, insofar as it denies defendant’s application to open his default on the motion for summary judgment, is affirmed, and said judgment may stand as one on contract ; the order insofar as it denies the application to set aside the body execution issued against defendant is reversed, and the execution vacated and set aside. Ho costs to either party.
Hill, P. J., Hefeernan, Bbewster and Lawrence, JJ., concur..
*162 Order appealed from, insofar as it denies defendant’s application to open Ms default on the. motion for summary judgment affirmed, and said judgment may stand as one on contract; the order insofar as it denies the application to set aside the body execution issued against defendant reversed, on the law and facts, and the execution vacated and set aside. No costs to either party. [See post, p. 759.]